**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2068**

PANKAJ TOPIWALA; FASTVDO, LLC; PARAMOUNT INTERNATIONAL
HOLDING, LLC,

        Plaintiffs - Appellees,

     v.

KEVIN WILLIAM WESSELL; MATT MITCHELL, a/k/a Paul Matthew
Hesse; COMPANIES INCORPORATED,

        Defendants - Appellants.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District
Judge.  (1:11-cv-00543-WDQ)

Submitted:  January 31, 2013     Decided:  February 7, 2013

Before SHEDD and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Marshall Hann, LAW OFFICE OF G. MARSHALL HANN, Valencia,
California; Mary T. Keating, LAW OFFICE OF MARY T. KEATING,
Baltimore, Maryland, for Appellants.  William M. Krulak, Jr.,
MILES & STOCKBRIDGE P.C., Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Wessell, Matt Mitchell, and Companies Incorporated (collectively, "the Wessell parties") appeal the district court's order summarily granting Pankaj Topiwala, FastVDO, LLC, and Paramount International Holding, LLC's (collectively, "the Topiwala parties") motion to enforce a settlement agreement. Finding no reversible error, we affirm.

I.

The Topiwala parties filed suit against the Wessell parties, claiming various causes of action based on the Wessell parties' allegedly fraudulent business practices. Following the district court's referral of the case to a magistrate judge for settlement, the parties met with the magistrate judge for a settlement conference. At the end of the conference, the parties and their attorneys signed a written document entitled "Settlement Terms." The document consisted of seven paragraphs, including provisions that the Wessell parties transfer to the Topiwala parties several real properties free and clear of encumbrances, that the Wessell parties pay the Topiwala parties $600,000 then and $350,000 within thirty days, that the Topiwala parties would release the Wessell parties upon full performance, and that full releases and a mutual nondisparagement agreement incorporating the agreed terms would follow.

2

After the settlement conference, the district court entered a settlement order pursuant to Local Rule 111, to which none of the parties objected. Nonetheless, over the following months, the parties were unable to consummate the settlement agreement. Accordingly, the Topiwala parties moved to enforce the settlement agreement.

The Wessell parties opposed the motion, primarily contending that they never intended the "Settlement Terms" document to be a binding settlement agreement, but also alleging that they were rushed into signing the document and that their agreement to two of the document's terms was a "mistake." First, the Wessell parties explained that they were rushed at the end of the settlement conference because they had a plane to catch. Second, they explained: (1) that their agreement to pay the Topiwala parties $350,000 within thirty days was a "mistake," because they contemplated using a certain deed of trust to satisfy this obligation, believed at the time of the settlement conference that the deed was worth $350,000, but later discovered the deed was worth only $320,000; and (2) that their agreement to transfer to the Topiwala parties certain properties free and clear of encumbrances was a "mistake," because they believed at the time of the settlement conference the properties to be free and clear, but later discovered a possible $65,000 lien.

3

The district court rejected the Wessel parties' arguments, and summarily granted the Topiwala parties' motion. The court determined that there was no genuine dispute regarding whether the parties had entered into a settlement agreement, that the "Settlement Terms" document unambiguously evinced an intent to be bound and contained sufficiently definite terms, and that the Wessell parties' "mistakes" were no excuse. On appeal, the Wessell parties contend that the district court erred in: (1) entering the Rule 111 order, (2) determining that the parties had entered into an enforceable settlement agreement, and (3) enforcing the settlement agreement without holding a plenary hearing.

II.

A.

The Wessell parties first allege that the district court erred in entering a settlement order pursuant to Local Rule 111. Rule 111 of the Local Rules for the United States District Court for the District of Maryland, entitled "Settlement Orders," provides that upon notification by counsel that a case has been settled, the district court may enter an order dismissing the case without prejudice. While the Wessel parties contend that it was the magistrate judge who notified the court of the parties' settlement, the district court

4

explicitly stated in its order that it received notification from the Wessell parties. Accordingly, the district court did not err in entering the Rule 111 order.

B.

The Wessell parties next contend that the district court erred in determining that the parties had entered into an enforceable settlement agreement. When considering a motion to enforce a settlement agreement, the district court applies standard contract principles. Bradley v. Am. Household Inc., 378 F.3d 373, 380 (4th Cir. 2004). Under Maryland law, a settlement agreement exists if the parties intended to be bound and the agreement's terms are sufficiently definite. See Cochran v. Norkunas, 919 A.2d 700, 708 (Md. 2007). In determining whether the parties intended to be bound, Maryland law utilizes an objective approach. Id. at 709. Under this approach, the court asks what a reasonably prudent person in the parties' position would have understood to be the meaning of the agreement. Id. at 710. Where the language of the agreement is unambiguous, Maryland's objective approach requires the court to give effect to the agreement's plain meaning, and not to inquire into what the parties may have subjectively intended. See id. at 709. As for definiteness, the parties may be silent with respect to relevant but nonessential terms, and this will not

destroy a settlement agreement's enforceability. See id. at 708.

A settlement agreement may be enforceable notwithstanding the fact that it is not yet consummated. See Hensley v. Alcon Labs., Inc., 277 F.3d 535, 542 (4th Cir. 2002) (contrasting consummating a settlement agreement from reaching one). Moreover, the fact that a party has "second thoughts" about the agreement's results does not render the agreement unenforceable. Id. at 540.

We conclude that the district court did not err in determining that the parties entered into a binding settlement agreement. The "Settlement Terms" document unambiguously evinces an intent to be bound, and contains sufficiently definite terms. First, both the document's title and its contents would lead a reasonable person in the parties' position to believe that it was susceptible to only one meaning, as a binding agreement to settle the case along the terms contained therein. See Cochran, 919 A.2d at 710. Second, the document contained all essential terms of the settlement, including specific properties and sums of money to be transferred, specific dates of transfers, a release, a warrantee, and a nondisparagement agreement. While the Wessell parties emphasized the absence of various terms — such as a venue provision, a liquidated damages clause, and the precise timing

6

of some transfers — the district court properly found that those terms' absence did not prevent enforceability, because such terms were relevant, but nonessential. See id. at 708.

C.

Finally, the Wessell parties contend that the district court abused its discretion in summarily granting the Topiwala parties' motion to enforce the settlement agreement. This court reviews the district court's findings of fact for clear error and its determination to enforce a settlement agreement for abuse of discretion. See Hensley, 277 F.3d at 541. The district courts have inherent authority to enforce settlement agreements. Id. at 540. However, to exercise this authority, the district court must (1) find that the parties have reached a complete agreement, and (2) be able to determine the agreement's terms and conditions. Id. at 540-41. In determining whether to enforce a settlement agreement, if there is a substantial factual dispute over either the agreement's existence or its terms, then the district court must hold a plenary evidentiary hearing. Id. at 541 (citing Millner v. Norfolk & W. Ry. Co., 643 F.2d 1005, 1009 (4th Cir. 1981)). If, however, a settlement agreement exists and its terms and conditions can be determined, as long as the excuse for nonperformance is comparatively unsubstantial, the court may enforce the agreement summarily. Id. at 540 (citing Millner, 643 F.2d at 1009).

7

We conclude that the district court did not abuse its discretion in summarily granting the Topiwala parties' motion to enforce the settlement agreement. Though the Wessell parties challenged whether a settlement agreement existed, the district court determined that there was no substantial factual dispute with respect to the agreement's existence, because the Wessell parties' claim that there was no "meeting of the minds" was implausible. The claim was entirely unsubstantiated and plainly pretextual. The parties drafted a written agreement entitled "Settlement Terms," signed the agreement, and represented to the district court that they had reached a settlement agreement. The Wessell parties' alternative arguments against enforcement — that they were rushed into the agreement because they had a plane to catch, and that they mistakenly agreed to certain terms that they later discovered would be more difficult to satisfy than anticipated — expose their true motivations for avoiding the agreement.

In light of these facts, there was no substantial dispute regarding the agreement's existence, or its terms. See Hensley, 277 F.3d at 541 (citing Millner, 643 F.2d at 1009); cf. Kukla v. Nat'l Distillers Prods. Co., 483 F.2d 619, 622 & n.1 (6th Cir. 1973) (substantial factual dispute existed concerning oral agreement); Autera v. Robinson, 419 F.2d 1197, 1201 (D.C. Cir. 1969) (substantial factual dispute existed concerning

8

appellant's ability to assent due to limited English language skills and possible duress). Moreover, the Wessell parties' "catch-a-plane" and "mistake" "excuses" are not merely comparatively, but wholly unsubstantial. See Hensley, 277 F.3d at 540 (citing Millner, 643 F.2d at 1009). Accordingly, the district court did not err in summarily enforcing the settlement agreement.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

9